

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
T (312) 460-5000
F (312) 460-7000

ahill@seyfarth.com
T (312) 460-5954

www.seyfarth.com

February 20, 2025

**VIA ECF**

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas Street, Room 521
White Plains, New York 10601

    Re:    *Lisa McAdoo v. Equifax Inc.,* Case No. 7:24-cv-09886-KMK (S.D.N.Y.)
            Consent Request to Set Deadlines for Plaintiff's Complaint

Your Honor:

    This Firm represents Defendant Equifax Information Services LLC ("Equifax"), erroneously identified as Equifax Inc. in the above-referenced action. Consistent with Your Honor's Individual Practices, we write to respectfully request that the Court formally set the pleading deadlines in this matter. We make this request with the consent of Plaintiff Lisa McAdoo.

    Plaintiff initiated this matter in state court, claiming Equifax violated sections 1681e(b) and 1681i of the Fair Credit Reporting Act, 15 U.S.C. § 1691 *et seq*. ("FCRA"), and the New York FCRA. Implied with Plaintiff's FCRA 1618e(b) claim is the allegation that Equifax published consumer reports to third parties and, based on that allegation, this matter was removed on December 23, 2024. [ECF No. 1]. On January 7, 2025, Equifax and its counsel requested additional time to investigate and respond to the allegations and claims made by Plaintiff, which was granted. [ECF Nos. 7, 8]. However, counsel for Equifax made this request prematurely, having subsequently realizing that Plaintiff has yet to file her Complaint in this matter since, prior to removal, Plaintiff filed only a Summons and Notice. [ECF No. 1-1]. Accordingly, there is no Complaint to which Equifax can respond.

    "Where an action is removed to federal court before the plaintiff accomplishes service of the initial complaint, Federal Rule of Civil Procedure 4 governs service of process." Order at 1, *Bonilla v. Acct. Control Tech, Inc.,* No. 2:16-cv-05413 (E.D.N.Y. Feb. 10, 2017), ECF No. 7 [hereinafter "*Bonilla Order*"]. Rule 4(m) states that the plaintiff must serve the defendant with the complaint "within 90 days after the complaint is filed" or the action will be subject to dismissal. Fed. R. Civ. P. 4(m). "In cases involving removal of an action to federal court, the 90-day time period begins to run as of the date the notice of removal was filed." *Bonilla Order* at 2.

    Prior decisions and orders of this Court indicate that in this situation, where a case is removed from New York state court prior to the filing of a complaint, the plaintiff should first file a complaint, and then the defendants should have a reasonable time to respond. *See, e.g., id.*; *Fuchs, v. Nat'l Collegiate Student Loan T. 2006-1,* 2017 U.S. Dist. LEXIS 118229, at *3-4 (E.D.N.Y. July 25, 2017); *Bernard v. Equifax Information Services LLC, et al.,* 1:24-cv-00342

316273443v.1



The Honorable Kenneth M. Karas
February 18, 2025
Page 2

No. 1:22-cv-04623 (E.D.N.Y.) (in analogous circumstances granting leave for plaintiff to file a complaint and setting a subsequent deadline for all defendants to respond).

    Currently, no formal complaint has been filed for Equifax to respond to. Notwithstanding, the parties have engaged in settlement discussions and are actively trying to resolve this matter. Therefore, Equifax, having discussed with Plaintiff's counsel, respectfully requests that the Court set a deadline of April 30, 2025, for the Plaintiff to file her Complaint, allowing the parties to continue meaningful settlement discussions, and for Equifax to answer or otherwise respond to the Complaint within fourteen (14) days after it is filed.

    This request does not affect any other scheduled dates. This request is made in good faith and not for the purpose of causing undue delay.

    We thank the Court for its consideration of this request.

Respectfully submitted,

**SEYFARTH SHAW LLP**

Adam T. Hill

ATH:lcr
cc: Counsel of Record (via CM/ECF)

Granted. SO ORDERED.

2/20/2025

316273443v.1