UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA McADOO,

       Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES,

       Defendant.

No. 24-CV-09886 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On April 10, 2026, Adam Singer ("Counsel") moved to withdraw as counsel for Lisa McAdoo ("Plaintiff") and to impose a charging lien after a fee dispute led to an irreconcilable breakdown in the attorney-client relationship (the "Motion"). (*See* Mot. for Adam Gutmann Singer to Withdraw as Attorney & for Charging Lien, Ex. 2 ("Counsel Decl.") (Dkt. No. 16); *id.* Ex. 1 ("Mem.").) Plaintiff opposed the Motion to the extent Counsel sought a charging lien, but did not oppose Counsel's withdrawal. (*See* Pl.'s Resp. to Mot. to Withdraw as Counsel & for Charging Lien ("Resp.") (Dkt. No. 17).) Counsel filed the Motion entirely under seal considering attorney-client privilege issues implicated by the fee dispute, and a confidentiality agreement between Plaintiff and Counsel that Counsel represents Plaintiff "orally and voluntarily agreed to" before a fee dispute arbitration panel. (Counsel Decl. ¶¶ 7–9.) Plaintiff's opposition to the Motion included "information that was otherwise confidential, including details about the pending . . . [f]ee [a]rbitration." (Letter from Counsel to Court (dated Apr. 15, 2026) (Dkt. No. 18).) Counsel accordingly requested all filings in this matter pertaining to the fee dispute be placed under seal. (*See id.*)

*First*, the Court grants Counsel's unopposed request to withdraw, finding the "attorney-client relationship has suffered a fundamental and irreconcilable breakdown" due to the dispute between Plaintiff and Counsel about the underlying litigation, the fee dispute, and the settlement-in-principle as to the fee dispute.  (*See* Counsel Decl. ¶¶ 4–5, 9, 13; Resp. 3 (joining in Counsel's request to withdraw and requesting to proceed pro se.)  *See Santiago v. Cuisine by Claudette, LLC*, No. 23-CV-2675, 2024 WL 4706998, at *2 (E.D.N.Y. Nov. 7, 2024) (collecting cases describing deterioration in the attorney-client relationship as good cause to withdraw). Plaintiff may accordingly proceed pro se unless and until she retains other counsel.

*Second*, the Court finds sealing may be warranted.  All the documents Counsel is seeking to seal are "judicial documents" because they were "placed before the court by the parties" and are "relevant to the performance of the judicial function and useful in the judicial process," that is, they are essential to the resolution of the instant Motion, and so subject to a strong presumption of public access.  *Koonce v. Sazerac Co., Inc.*, No. 23-CV-4323, 2026 WL 296591, at *2 (S.D.N.Y. Feb. 4, 2026) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)). Attorney-client privilege can overcome the presumption, *see Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171, 2015 WL 3739276, at *8 (S.D.N.Y. Mar. 13, 2024) ("It is well-settled in the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents."), but Plaintiff may have waived that privilege as to anything filed publicly on the docket in her letter unless she did so inadvertently, *see Curto v. Med. World Commc'ns*, 783 F. Supp. 2d 373, 380 (S.D.N.Y. 2011) (collecting cases where privilege was waived by filing on the docket); *Avco Corp. v. Turner*, No. 20-CV-4073, 2021 WL 3487321, at *3 (E.D. Pa. Aug. 9, 2021) ("[H]aving waived privilege, [the plaintiff] has no basis to keep [the privileged information] under seal.").  And while the Second

Circuit has "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal," *Stafford v. Int'l Bus. Mach. Corp.*, 78 F.4th 62, 71 (2d Cir. 2023), it is not the case that "any document generated or submitted in the course of an arbitration is entitled to continued confidentiality in federal court by virtue of that fact alone," *Major League Baseball Players Ass'n v. Arroyo*, No. 24-CV-3029, 2024 WL 3028432, at *3 n.1 (S.D.N.Y. June 17, 2024).

*Third*, the Court recognizes a charging lien, but declines to enforce it or determine its amount pending the outcome of the fee arbitration. "From the commencement of an action . . . in any court . . . the attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches to a . . . award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof . . . and the lien cannot be affected by any settlement between the parties before or after judgment[.]" N.Y. Judiciary Law § 475. Here, an action was commenced and culminated in a settlement, (see Counsel Decl. ¶ 3), so a lien has attached as a matter of New York law. "Attorneys who withdraw are still entitled to charging liens so long as they withdraw for 'good cause,'" *Fullsend, Inc. v. Cannafellas Grp., Inc.*, No. 22-CV-3741, 2023 WL 3440009, at *3 (S.D.N.Y. Apr. 19, 2023), and as discussed above, the Court found good cause to withdraw, *see Santiago*, 2024 WL 4706998, at *2. Consistent with Plaintiff's and Counsel's requests, (*see* Resp. 2; Mem. 5), the Court defers any determination as to the amount of the lien until the outcome of the fee arbitration, *see Papadatos v. Home Depot U.S.A., Inc.*, No. 21-CV-3208, 2022 WL 2612353, at *3 (E.D.N.Y. June 10, 2022) ("Because it is within the sound discretion of the Court to defer ruling on the amount of the lien, the Court exercises its discretion here and defers ruling on the amount of the charging lien until the conclusion of the case."); *Joffe*

*v. King & Spalding LLP*, 337 F. Supp. 3d 366, 369 (S.D.N.Y. 2018) ("The decision to fix a charging lien lies within the discretion of the Court.").

The Clerk of Court is respectfully directed to file this Order under seal, and place Dkt. Nos. 16, 17, and 18 under seal, visible to only the Parties and the Court. Counsel is directed to submit, within 14 days from receipt of this Order, proposed redactions to this Order and the aforementioned documents, redacting only those parts bearing on a confidentiality provision and explaining why Counsel's interest in redacting the information overcomes the presumption of public access. Because Plaintiff does not appear to be registered for ECF, Counsel is directed to serve a copy of this Order on Plaintiff and certify having done so within 7 days from the date this Order issues. If Plaintiff has a view on Counsel's request to seal or takes the position that her disclosure of purportedly confidential information was inadvertent, she must also submit any proposed redactions within 14 days of her receipt of this Order.

SO ORDERED.

DATED:      April 17, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE